Theresa BRANISH, Appellee,

v.

NHP PROPERTY MANAGEMENT, INC. and Pennsylvania Securities Systems, Inc.

Appeal of NHP PROPERTY MANAGEMENT, INC., Appellant.

Superior Court of Pennsylvania.

Argued Jan. 14, 1997.

Filed April 29, 1997.

Reargument Denied July 9, 1997.

Brett I. Kleger, Philadelphia, for appellant.

Paul R. Beckert, Jr., Bensalem, for appellees.

Before DEL SOLE, POPOVICH and OLSZEWSKI, JJ.

DEL SOLE, Judge.

Appellee Theresa Branish is a tenant in Appellant NHP Property Management, Inc.'s apartment complex. Appellee's boyfriend, without invitation, entered Appellee's apartment and caused a disturbance and damages. In response, Appellant issued a "no trespassing" letter to the boyfriend indicating that he was no longer permitted on the property with or without invitation. A violation of the letter would be reason to seek eviction of Appellee. Appellee filed a motion for declaratory judgment requesting the court to find the "no trespassing" letter void. Following a stipulated trial, the court found the letter void and ordered that Appellant was barred from evicting Appellee for reasons of violating the letter. Post-trial motions were denied and this appeal followed.

■ The issue before us is whether a tenant may invite a social guest on to the property of the landlord against the landlord's wishes.

■ There is an implied covenant of quiet enjoyment in every lease of real property. The covenant is between lessor and lessee. Any wrongful act of the lessor that interferes with the lessee's possession, in whole or in part, is a breach of the covenant of quiet enjoyment. *Lichtenfels v. Bridge-*

*view Coal Co.,* 366 Pa.Super. 304, 531 A.2d 22 (1987).

The Landlord and Tenant Act includes the following Tenant's rights:

> ... *The tenant shall also have right to invite to his apartment or dwelling unit, for a reasonable period of time, such social guest, family or visitors as he wishes so long as his obligations as a tenant under this article are observed.* These rights may not be waived by any provisions of a written rental agreement and the landlord and/or owner may not charge any fee, service charge or additional rent to the tenant for exercising his rights under this act. (Emphasis added).

68 P.S. § 250.504–A.

The Act also provides the following concerning a tenant's duties:

> The tenant shall comply with all obligations imposed upon tenants by applicable provisions of all municipal, county and Commonwealth codes, regulations, ordinances, and statutes, and in particular, shall:
>
> (1) Not permit any person on the premises with his permission to wilfully or wantonly destroy, deface, damage, impair, or remove any part of the structure or dwelling unit, or the facilities, equipment, or appurtenances thereto or used in common, nor himself do any such thing.
>
> (2) Not permit any person on the premises with his permission to wilfully or wantonly disturb the peaceful enjoyment of the premises by other tenants and neighbors.

68 P.S. § 250.503–A.

The law in this matter is clear. A tenant who observes his obligations has a right to invite social guests to his apartment. 68 P.S. § 250.504–A. Those invited guests are the responsibility of the tenant. 68 P.S. § 250.503–A. In this case, Appellee's boyfriend was an uninvited guest when he caused damage to the premises. Consequently, Appellee did not neglect her obligations since she was not responsible for her boyfriend's actions as an uninvited guest. By preventing Appellee from inviting social guests to her apartment, Appellant has wrongfully interfered with Appellee's posses-

sion. As a result, Appellant has breached Appellee's covenant of quiet enjoyment. Thus, to rule that Appellee cannot invite guests of her choice to her apartment would infringe upon her statutory and common law rights.

Furthermore, if Appellee presently chooses to permit her boyfriend access to the premises as an invited social guest, the responsibility for his actions rests with Appellee and not Appellant. We note Appellant argues that it has a duty to the other tenants of the complex to keep unruly guests off of the premises. However, if we were to be persuaded by Appellant's argument, we would be placing wrongfully upon landlords an additional responsibility over tenants' invited guests. Instead, the legislature has provided that that is a duty which rightfully rest with the tenant. 68 P.S. § 250.503–A.

For the forgoing reasons, we affirm the order of the lower court.

Order affirmed.

OLSZEWSKI, J., files a concurring opinion.

POPOVICH, J., files a dissenting statement.

OLSZEWSKI, Judge, concurring:

I wholeheartedly agree that Ms. Branish must prevail in this matter based upon the rights granted to tenants by the legislature in § 250.504–A of the Landlord and Tenant Act. Nevertheless, I write separately concerning the extent of the tenant's obligations under the Act. Section 250.503–A provides as follows:

**Tenant's duties**

The tenant shall comply with all obligations imposed upon tenants by applicable provisions of all municipal, county and Commonwealth codes, regulations, ordinances, and statutes, and in particular, shall:

(1) Not permit any person on the premises with his permission to willfully or wantonly destroy, deface, damage, impair, or remove any part of the structure or dwelling unit, or the facilities, equipment, or appurtenances thereto or used in common, nor himself do any such thing.

(2) Not permit any person on the premises with his permission to willfully or wantonly disturb the peaceful enjoyment of the premises by other tenants and neighbors.

68 P.S. § 250.503–A.

Section 250.503–A is written so as the word "permit" pertains to the phrase "any person on the premises." Accordingly, it would be redundant for the following phrase, "with his permission," to also relate back to "any person on the premises." Instead, "with his permission" must relate to the phrase "to willfully or wantonly destroy [or disturb]." As such, a tenant is only obliged under § 250.503–A not to grant permission to an invitee to willfully or wantonly cause destruction or disturb other tenants. Quite simply, the statute does not place absolute liability upon a tenant for the acts of his/her invited guests. Thus, a tenant does not fail in his/her obligations if an invitee is rowdy without the tenant's permission or knowledge. Accordingly, a tenant could conceivably re-invite an unruly guest, who never acted disorderly with the tenant's permission, and the landlord would be without statutory recourse.

While the statute does not provide the landlord protection in such a case, the landlord clearly may safeguard him/herself through contractual provisions. For example, the lease in the instant case contains the following provision:

**11. Damages:**

Whenever damage is caused by carelessness, misuse, or neglect on the part of the Tenant, his/her family or *visitors,* Tenant agrees to pay:

a. the cost of all repairs and do so within 30 days after receipt of the Landlord's demand for the repair charges; and

b. rent for the period the unit is damaged whether or not it is habitable ...

R.R. at 48 (emphasis added).

Thus, through contractual provisions, the landlord can protect his/her interests. Ultimately, a tenant, who re-invites a rowdy guest who causes a breach of the lease, will face eviction. This point has not been

reached in the instant case and it was impermissible for the landlord to pre-emptively prohibit the tenant from inviting certain guests to the property. 68 P.S. § 250.504–A.

POPOVICH, Judge, dissenting:

I respectfully dissent from the opinion of the majority. I would enter judgment in favor of appellant (appellee's landlord) and confirm the enforceability of the "no trespassing" letter which appellant issued to appellee and her paramour.