J-S14008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: D.F.W., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: D.F.W., A MINOR | : | No. 1593 MDA 2016 |

Appeal from the Dispositional Order September 12, 2016
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s):  CP-54-JV-0000115-2016

BEFORE:  GANTMAN, P.J., SHOGAN, J., and STRASSBURGER, J.*

MEMORANDUM BY GANTMAN, P.J.:                **FILED MARCH 21, 2017**

Appellant, D.F.W., a minor, appeals from the dispositional order entered in the Schuylkill County Court of Common Pleas, following his adjudication of delinquency on the charge of defiant trespass.[1]  We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises three issues for our review:

> WHETHER APPELLANT IS ENTITLED TO THE OVERTURNING OF THE DECISION OF THE [TRIAL] COURT BECAUSE THE INFRACTION, IF ANY, WAS DE MINIMIS AS [APPELLANT'S] ACTIONS WERE WITHIN CUSTOMARY LICENSE AND NO

---

[1] 18 Pa.C.S.A. § 3503(b)(1)(i).

---

*Retired Senior Judge assigned to the Superior Court.

HARM WAS SUFFERED BY OR THREATENED TO ANY PARTY[?]

WHETHER APPELLANT IS ENTITLED TO THE OVERTURNING OF THE DECISION OF THE [TRIAL] COURT BECAUSE THE PREMISES WAS OPEN TO THE PUBLIC AND HE REASONABLY BELIEVED THAT A TENANT HAD INVITED HIM UPON THE PROPERTY[?]

WHETHER APPELLANT IS ENTITLED TO THE OVERTURNING OF THE DECISION OF THE [TRIAL] COURT BECAUSE THE TENANTS OF THE PROPERTY WHERE APPELLANT WAS CHARGED WITH TRESPASS WERE ENTITLED TO A RIGHT OF QUIET ENJOYMENT, WHICH CANNOT BE HONORED IF THEIR LANDLORD CAN BAR CERTAIN GUESTS WITHOUT PROCESS OR LIMITATION[?]

(Appellant's Brief at 4).[2]

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable James P. Goodman, we conclude Appellant's remaining issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (**See** Trial Court Opinion, filed November 10, 2016 at 3-6) (finding: **(1)** evidence showed Appellant had notice on several occasions that he was not licensed or privileged to be on Housing Authority

[2] To the extent Appellant's issue #3 complains on appeal about a tenant's right to quiet enjoyment, specifically a tenant's right to invite Appellant on to the property as a social guest, Appellant is not the proper party to make that argument. **See generally In re T.J.**, 559 Pa. 118, 124, 739 A.2d 478, 481 (1999) (stating: "In determining whether a party has standing, a court is concerned only with the question of who is entitled to make a legal challenge and not the merits of that challenge"; "the purpose of the 'standing' requirement is to insure that a legal challenge is by a proper party"). Therefore, we give Appellant's issue #3 no further attention.

property; Appellant admitted he knew he was not permitted on Housing Authority property; Corporal Brian Reno credibly testified he had given Appellant notice on prior occasions that Appellant was not permitted on Housing Authority property, and when Corporal Reno confronted Appellant on date of incident, Appellant fled; Appellant violated trespassing statute when he entered Housing Authority property; Appellant's actions did not constitute *de minimis* violation; and **(2)** Jody Dunnigan, Pottsville Housing Authority Deputy Executive Director, testified that property at issue belongs to Housing Authority; Housing Authority maintains no-trespass list to protect tenants' peaceful enjoyment of their property; Housing Authority and police can enforce no-trespass list; tenants had no right to allow Appellant to go anywhere on Housing Authority property; in any event, Appellant was near playground on property and was not in tenant's residence). Accordingly, we affirm on the basis of the trial court's opinion.

Dispositional order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/2017

- 3 -

**IN THE COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY, PENNSYLVANIA**
**JUVENILE DIVISION**

IN THE INTEREST OF:                    :           No. JV-115-2016
                                       :
D.W., A JUVENILE                       :
                                       :
                                       :

Eric Lieberman, Esquire -for the Commonwealth
Karen Domalakes, Esquire -for the Juvenile

**OPINION PURSURANT TO PA R.A.P. 1925**

GOODMAN, J.

The Appellant, D.W. has filed an appeal to this Court's Order dated September 12, 2016 adjudicating the Appellant delinquent on the charges of Defiant Trespass. On or about September 14, 2016, the Appellant filed a Notice of Appeal with the Superior Court which was served upon this Court. By Order of Court dated September 20, 2016 this Court directed the Appellant file a Concise Statement of Matters Complained of on Appeal pursuant to Pa. R.A.P. 1925. On September 27, 2016, the Appellant filed a Concise Statement of Matters Complained of on Appeal.

The Appellant raises the following three issues on appeal:

A.    Appellant is entitled to the overturning of the decision of the Common Pleas decision because the infractions, if any was de minimis as his actions were within customary license and no harm was suffered by or threatened to any party.

B.    Appellant is entitled to the overturning of the decision of the Common Pleas decision because the premises was open to the public and he reasonably believed that a tenant had invited him upon the property.

C.    Appellant is entitled to the overturning of the decision of the Common Pleas decision because the tenants of the property where Appellant was charged with trespass were entitled to a right of quiet enjoyment, which cannot be honored if their landlord can bar certain guests without process.

The Commonwealth presented testimony from Jody Dunnigan, the Deputy Executive Director of the Pottsville Housing Authority. Mr. Dunnigan testified that the Housing Authority assists income eligible people with housing assistance and the Housing Authority owns a number of properties in the City of Pottsville including the John O'Hara Complex. Mr. Dunnigan testified that the Housing Authority, as directed by HUD, maintains a no trespass list in order to protect the tenants' peaceful enjoyment of their property. The Appellant was on the no trespass list. A copy of the notice that was given to the Appellant which stated that the Appellant is hereby banned from all Pottsville Housing Authority properties including but not limited to the John O'Hara property was admitted into evidence.

The Commonwealth also called Corporal Brian Reno of the Pottsville Police Department. Corporal Reno testified that the Pottsville Police are provided every other week with an updated trespass notice list from the Pottsville Housing Authority of individuals who are banned from Housing Authority properties. Corporal Reno testified that he had prior knowledge that the Appellant was banned from all Housing Authority properties. Corporal Reno testified that he verbally advised the Appellant on numerous occasions that he was not to be on Housing Authority property. The Corporal gave the Appellant warnings on prior occasions and did not arrest the Appellant.

Corporal Reno testified that he was on patrol on May 21, 2016 at approximately 8:29 p.m. when he observed the Appellant at the John O'Hara Housing Authority Complex which is a Pottsville Housing Authority property. The Appellant was next to the playground which is approximately 30 feet from the steps that enter onto the John O'Hara Housing Complex. Corporal Reno testified that the Appellant and another male

2

ran from the Housing Authority Complex down the steps onto Sanderson Street when they saw his patrol vehicle.

The Appellant testified that he was playing basketball that day and was going to visit his friend Josh Sankus who lived on Housing Authority property. The Appellant testified that when he saw the police he walked and he did not run. On cross examination the Appellant admitted that Corporal Reno was yelling to him that he was not supposed to be on Housing Authority property. The Appellant also testified that he tried to distance himself from Corporal Reno and that he knew he was not permitted to be on Housing Authority property.

The Appellant presented the testimony of his friend, Josh Sankus and Josh Sankus' mother, Lynn Memeke, who both testified that they live at 667 John O'Hara which is the Housing Authority property. Mr. Sankus and his mother both testified that they gave permission for the Appellant to go to their townhouse in the John O'Hara Complex. On cross examination Mr. Sankus testified that he knew the Appellant wasn't permitted to be on Pottsville Housing Authority property.

The first argument made by the Appellant was that his infraction was de minimis and there was not harm suffered by or threatened to any party. The Appellant was found guilty of Defiant Trespass under *18 Pa. C.S.A. §3503(b)* which states as follows:

3503. Criminal Trespass

    (b) Defiant trespasser

    (1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by:

        (i) actual communication to the actor.

3

The evidence clearly shows that the Appellant was given notice that he was not licensed or privileged to be on Housing Authority property. Corporal Reno gave the Appellant notice on prior occasions that he wasn't to be on Housing Authority property and the Appellant admitted that he knew he wasn't to be on Housing Authority property. The Appellant violated a criminal statute by trespassing on Housing Authority property. Also, when the Appellant was confronted by Corporal Reno about trespassing on Housing Authority property the credible testimony of Corporal Reno was that the Appellant ran from the police. The Court does not find the Appellant's actions a de minimis violation.

The Appellant's second and third contention is that the Appellant should not be cited for trespass because he had permission from one of the tenants living at the John O'Hara Complex. The Appellant relies on *Branish v. NHP Property Management, Inc.,* *694 A.2d 1106 Pa. Super (1996)* for the proposition that a tenant has the right to invite social guests to his apartment and the landlord can't interfere with that right.

In *Branish,* the landlord, NHP Property Management, Inc., issued a no trespassing letter to the boyfriend of one of the tenants because the boyfriend, without invitation, entered the tenant's apartment and caused a disturbance and damages at the property. The letter indicated that a violation of the letter would be reason to seek eviction of the tenant. The tenant filed a motion for declaratory judgment requesting the court find the "no trespassing" letter void. The court found the letter void and ordered that the landlord was barred from evicting the tenant for violating the letter.

The court determined that the Landlord and Tenant Act allows the tenant to invite social guests to his property as long as the tenant observes his obligations.

4

*Branish,* 694 A.2d 1107 (citing 68 P.S. §250, 504-a.) The court determined that there is an implied covenant of quiet enjoyment in every lease of real property and that any wrongful act of the lessor that interferes with the lessee's possession in whole or in part is a breach of the covenant of quiet enjoyment. *Id. (citing Lichtenfeis v. Bridgeview Coal Company,* 366 Pa. Super 304, 531 A.2d 22 (1987).* The Court ruled that by preventing the tenant from inviting social guests to her townhouse the landlord interfered with the tenant's possession.

In the instant case, both Josh Sankus and his mother testified that they gave the Appellant permission to be in their townhouse. The Appellant relies on *Branish* for the proposition that as long as the tenants give permission to a third party to be on their property then that third party can go anywhere on Housing Authority property that the tenant would be able to go. This Court found the instant case distinguishable from *Branish* because the Appellant was not located in the tenant's dwelling.

The Commonwealth presented testimony from Jody Dunnigan, the Pottsville Housing Authority Deputy Executive Director that the John O'Hara Complex is one of the public housing projects of the Pottsville Housing Authority. The John O'Hara Housing Complex is a 50 Unit Public Housing Complex located in 600 block of Laurel Boulevard. The Housing Authority as directed by HUD maintains a no trespass list to protect the tenants' peaceful enjoyment of their property.

The Appellant was given notice on previous occasions that he was not be on housing authority property. Corporal Reno testified that he observed the Appellant on the John O'Hara property on previous occasions and that he gave the Appellant warnings. The Appellant testified that he knew he wasn't to be on Housing Authority

property. The Court found the testimony of Officer Reno credible that when the Appellant was confronted by Officer Reno for being on Housing Authority property the Appellant fled from the Housing Authority property down the steps on to Sanderson Street.

The tenants did not have the right to allow the Appellant to go anywhere on Housing Authority property. The Court determined that the Pottsville Housing Authority and the Pottsville Police could enforce their no trespass list. The Appellant was near the playground and not in the tenant's townhouse and therefore the Housing Authority and the police did not interfere with the tenant's use of quiet enjoyment of their property.